UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT A. GROTH, | ) | Civ. 12-4109-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT DOOLEY, Warden; | ) | |
| JENNIFER STANWICK, Associate Warden; | ) | ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE |
| SUE JACOBS, Associate Warden; | ) | |
| TAMMY DOYLE, Unit Manager; | ) | |
| KIM LIPPENCOTT, Case Manager; | ) | |
| TAMMY DEYOUNG, Unit Coordinator; | ) | |
| LANE SCHRIVERS, Unit Manager; | ) | |
| JOSHUA KLIMEC, Case Manager; | ) | |
| TRAVIS TJEERDSMA, Unit Coordinator; | ) | |
| MS. M. ST. PIERRE, Mail Room; and | ) | |
| DENNIS KAEMINGK, Secretary of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Scott A. Groth, is an inmate at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota. Groth has filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Docket 1, 3.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however,

accept partial payment of the initial filing fee where appropriate. Therefore, "'[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.'" *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

But the requisite payment cannot be calculated without reliance on a certified copy of the prisoner's trust account report–a document that Groth did not provide to the court when he filed his motion to proceed in forma pauperis.[1] The court sent a letter to Groth on June 22, 2012, notifying him that the court could not rule on his motion to proceed in forma pauperis until Groth submitted a prisoner trust account report. Nonetheless, Groth failed to remedy the deficiency and thus has not met his burden of showing that he is unable to pay the filing fee.

---

[1] Pursuant to 28 U.S.C. § 1915(a)(2), "[a] prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement."

2

As the Eighth Circuit has noted, the court may dismiss a prisoner's action for failure to submit financial information as required by 28 U.S.C. § 1915(a)(2). *Dickens v. King*, No. 09-2425, 2009 WL 4036789, at *2 (D. Minn. Nov. 18, 2009) (citing *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997)). Because the court has waited more than two months to receive a certified copy of Groth's trust account report, Groth's action is dismissed. *See, e.g., Henderson*, 129 F.3d at 484 (stating that a "prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal"); *Dickens*, 2009 WL 4036789, at *1 (suggesting that 30 days is a sufficient amount of time for a prisoner to cure defects in an IFP application). Therefore, it is

ORDERED that Groth's motion for leave to proceed in forma pauperis (Docket 3) is denied and his case is dismissed pursuant to 28 U.S.C. § 1915(a)(2).

Dated September 11, 2012.

       BY THE COURT:

       /s/ *Karen E. Schreier*
       KAREN E. SCHREIER
       CHIEF JUDGE